IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHERYL H. GLEATON, ) | |
| ) | CIVIL ACTION NO. 0:06-2346-CMC-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE,[1] ) COMMISSIONER OF SOCIAL ) SECURITY, ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on August 9, 2004, alleging disability as of March 11, 1998 due to fibromyalgia,[2] chronic fatigue syndrome, and mitral valve

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g) (2000).

[2] Fibromyalgia is a chronic condition recognized by the American College of Rheumatology (ACR) characterized by inflammation of the fibrous and connective tissue, causing long-term but variable levels of muscle and joint pain, stiffness, and fatigue. Diagnosis is usually made after eliminating other conditions, as there are no confirming diagnostic tests. Brosnahan v. Barnhart, 336



prolapse.³ (R.pp. 58-60, 71). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on March 30, 2006. (R.pp. 176-203). The ALJ thereafter denied Plaintiff's claim in a decision issued July 12, 2006. (R.pp. 15-21). The Appeals Council denied Plaintiff's request for a review of the decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 7-9).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## **Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence

---

F.3d 671, 672 n. 1 (8th Cir. 2003) (citing Jeffrey Larson, Fibromyalgia, in 2 The Gale Encyclopedia of Medicine 1326-27 (Jaqueline L. Longe, et al.eds., 2d ed. 2002)). However, "although some people suffering from fibromyalgia may be totally disabled, most people inflicted with that disease are not disable". Parven-McGladdery v. Commissioner, No. 02-1052, 2002 WL 31780954 (6th Cir. December 11, 2002), citing Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996);

³Mitral valve prolapse is a bulging of one or both mitral valve leaflets into the left atrium during systole, commonly producing a crisp systolic sound or a delayed systolic mitral regurgitation murmur. Most patients are asymptomatic. The Merck Manual, 1753 (17th ed. 1999).



to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was forty-nine (49) years old when she alleges her disability began, has a high school education with past relevant work experience as a secretary. (R.pp. 58, 77-87, 179-181). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. Further, since Plaintiff's eligibility for DIB expired on December 31, 2003, she must prove that she became disabled by no later than that date in order to qualify for DIB. Johnson v. Barnhart, 434 F.3d 650, 655-656 (4th Cir. 2005).

After a review of the evidence and testimony in the case, the ALJ determined that,



although Plaintiff was unable to perform her past relevant work prior to the date her insured status expired, she nevertheless retained the residual functional capacity (RFC) to perform a restricted range of light work[4], and was therefore not disabled. (R.pp. 17, 20). Plaintiff asserts that in reaching this decision, the ALJ erred by evaluating Plaintiff's claim under the light work category, instead of the sedentary category, by failing to properly evaluate Plaintiff's pain in compliance with SSR 96-7p, and by failing to properly evaluate Plaintiff's RFC in compliance with SSR 96-8p. However, after careful review and consideration of the arguments and evidence presented, the undersigned finds that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not disabled as that term is defined in the Social Security Act during the relevant time period, and that the decision of the Commissioner should therefore be affirmed.

First, by Plaintiff's own admission, the primary alleged error in this case was the ALJ's evaluation of Plaintiff's claim under the framework of the light grid. Plaintiff initially argued that the ALJ's own residual functional capacity finding acknowledged that Plaintiff could not perform all of the exertional elements of even the sedentary[5] grid, and that if the case had been decided under the framework of sedentary work, Plaintiff would have automatically been deemed to be disabled since Plaintiff was fifty-four (54) years old on her date last insured and had no transferrable skills. However, in her reply brief Plaintiff now concedes that the ALJ did not commit

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

[5]Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).

4



any legal or reversible error by evaluating Plaintiff's RFC under the light grid. Plaintiff's Reply Brief, at p. 5. Therefore, this claim is without merit.

With respect to Plaintiff's remaining arguments concerning the ALJ's pain and RFC assessments, Plaintiff argues that the ALJ committed reversible error when he did not discuss the side effects of Plaintiff's medications, and that he failed to adequately explain how he came up with his RFC assessment. The undersigned does not agree. SSR 96-7p requires an evaluation of the intensity and persistence of a claimant's pain and other symptoms and the extent to which it affects their ability to work, including (if applicable) the effectiveness and side effects of any medication the individual takes, while SSR 96-8p requires the ALJ to reference the evidence supporting his conclusions with respect to a claimant's RFC. The undersigned does not find any reversible error in the ALJ's decision when considered in conjunction with these two SSRs.

With respect to Plaintiff's RFC, the decision reflects that the ALJ thoroughly discussed the medical records and findings of Plaintiff's physicians, as well as Plaintiff's own subjective testimony, noting how the medical evidence did not show any muscle weakness or atrophy, any swollen or inflamed joints, and that Plaintiff had normal reflexes and sensation with an unremarkable gait. This review, discussion and analysis satisfied the requirements of SSR 96-8p. Cf. Roberts v. Masanari, 150 F.Supp.2d 1004, 1010 (W.D.Mo. 2001); Buchholtz v. Barnhart, 98 Fed.Appx. 540, 547 (7th Cir. 2004); Delgado v. Commissioner of Social Serv., 30 Fed.Appx. 542, 547-548 (6th Cir. 2002). While Plaintiff notes that her treating physician, Dr. Henry Marion, opined in a residual functional capacity assessment that Plaintiff was only capable of lifting and/or carrying less than ten (10) pounds for two hours in an eight hour day, which would seemingly have restricted her to less than sedentary work, even Plaintiff concedes in her brief that Dr. Marion also opined, in

5



response to the immediately proceeding question, that Plaintiff was capable of frequently[6] lifting and carrying ten (10) pounds, and that in response to the question prior to that, he had found that Plaintiff was able to lift and/or carry up to twenty (20) pounds, findings noted by the ALJ and discussed in his decision. (R.pp. 18, 154). This RFC assessment provides substantial evidence to support the ALJ's finding that Plaintiff had the lifting ability for light work. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964) [court scrutinizes the record as a whole to determine whether the conclusions reached are rational].[7] (R.pp. 18-20). Plaintiff's argument that the ALJ should have gone into even greater detail with respect to his findings is without merit. Dryer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) [The ALJ not required to specifically refer to every piece of evidence in the decision]; Rogers v. Barnhart, 204 F.Supp.2d 885, 889 (W.D.N.C. 2002). See also Osgar v. Barnhart, No. 02-2552, 2004 WL 3751471 at *5 (D.S.C. Mar. 29, 2004), aff'd, 117 Fed.Appx. 896 (4th Cir. Jan. 5, 2005); *cf.* Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) ["An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where...the deficiency probably had no practical effect on the outcome of the case"], quoting, Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987).

---

[6]The term "frequent" means "occurring from one-third to two-thirds of the time". SSR 83-10.

[7]Although not necessary for this decision, it is worth noting that the Commissioner argues the only way Dr. Marion's response that Plaintiff was able to lift and/or carry less than ten pounds for two hours/eight hours a day would be consistent with his previous answers was if he meant that Plaintiff was capable of lifting and/or carrying less than ten pounds *continuously* for a period of two hours, and that light work does not require continuous lifting or carrying, citing to SSR 83-10. The Commissioner further argues that, in light of Plaintiff's argument, Plaintiff could have submitted a clarifying statement to the Appeals Council if Dr. Marion actually believed that Plaintiff was limited by her medical condition to sedentary work. *Cf.* Glenn v. Secretary of Health and Human Services, 814 F.2d 387, 391 (7th Cir. 1987) ["When an applicant for Social Security benefits is represented by counsel, the ALJ is entitled to assume that the applicant is making his strongest case for benefits"]. No such evidence was submitted.



Finally, the undersigned does not find that the ALJ committed reversible error by failing to mention the side effects of Plaintiff's medications and/or her inability to tolerate certain medications, as the record does not reflect that side effects from or an inability to tolerate medications exacerbated Plaintiff's condition. Rather, the medical record reflects that Plaintiff received several medications for her condition, generally with minimal side effects, and that where Plaintiff could not tolerate a particular medication, she was switched to a different one. See generally (R.pp. 111, 115-117, 122-123, 125-126, 129, 158-159). Indeed, Plaintiff herself did not even testify that side effects from medications, or any inability to tolerate certain medications, hindered her ability to function or otherwise exacerbated her condition. See generally (R.pp. 190-191, 195-196). There is no requirement that an ALJ discuss a problem which he does not find exists, and which the evidence does not reflect a claimant even has. Dryer, 395 F.3d at 1211 [The ALJ not required to specifically refer to every piece of evidence in the decision]; Melton v. Apfel, 181 F.3d 939, 942 (8th Cir. 1999) [lack of medically necessary restrictions supported the ALJ's non-disability findings]; *cf.* Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004) [Although treating doctors suggested that claimant should lose weight, ALJ was not required to discuss claimant's obesity where none of them suggested that his obesity imposed additional work-related restrictions and claimant did not testify to any such restrictions]; Dowdy v. Barnhart, No. 04-1056, 2005 WL 3841868, at *4 (M.D.Ala. Jan. 4, 2005) [ALJ is certainly not required to discuss limitations of which there is no supporting evidence] (citing 20 C.F.R. § 404.1545(e)). Therefore, this argument is without merit.

**Conclusion**

Substantial evidence is defined as " ... evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.

7



1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. <u>Blalock</u>, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 30, 2007

