IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHERYL H. GLEATON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security Administration, )<br>)<br>Defendant. )<br>_____ ) | C/A No. 0:06-2346-CMC-BM<br><br><br><br>**O R D E R** |

      This is an action brought pursuant to Section 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security Administration (hereinafter "Commissioner"). The matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules of this court. For the reasons set forth below, the court adopts the Report. The court, therefore, affirms the decision of the Commissioner.

### I. STANDARD OF REVIEW

      The Magistrate Judge makes only a recommendation to this court as to dispositive matters. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

      The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Magistrate Judge recommended that the decision of the Commissioner be affirmed. Plaintiff objects to the Magistrate Judge's recommendation raising two specific objections. First, Plaintiff asserts that the "Magistrate Judge erred in making a specific finding that the plaintiff never testified as to side effects of medication." Dkt No. 16 at 1. This argument misconstrues the

Magistrate Judge's actual characterization of Plaintiff's testimony which was as follows: "Plaintiff herself did not even testify *that side effects* from medications, or any inability to tolerate certain medications, *hindered her ability to function or otherwise exacerbated her condition.*" Dkt No. 13 at 7 (emphasis added). This statement is not contrary to Plaintiff's testimony that she had reactions to narcotics when they were administered (following surgeries). Tr. at 189 (stating she learned she was unable to take narcotics as a result of "several surgeries" because "every time [I] had surgeries, they tried a different narcotic, and I could not take it. I had a reaction to it.").

Neither is the Magistrate Judge's statement contrary to Plaintiff's testimony that she continued to suffer from moderate to severe pain, despite medication. Tr. at 190-91 & 193. This is because the above-quoted statement focuses on whether the medications produced side effects (specifically, side effects which interfered with functioning) not on whether the pain medications were effective in relieving pain.

The issues of the degree of pain suffered by Plaintiff and the degree to which the pain itself interfered with her functioning were expressly addressed by the administrative law judge ("ALJ") whose opinion became that of the Commissioner. The ALJ relied, *inter alia,* on the absence of evidence of "strength deficits, circulatory compromise, neurological deficits, muscle spasms, fasciculations, fibrillations, muscle atrophy or muscle dystrophy which are often associated with long-standing, severe, or intense pain, physical inactivity or depression." Tr. at 19. The undersigned agrees that this and related discussion by the ALJ adequately addresses the pain-related issues.

Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly considered and interpreted a Residual Functional Capacity ("RFC") evaluation completed by Plaintiff's treating physician. The interpretation of the RFC sought by Plaintiff is not, however, the

3

most obvious interpretation of the RFC and certainly not a required interpretation. For this and additional reasons stated in the Report, the court concludes that the ALJ's findings and decision are well supported.

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

IT IS SO ORDERED.

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 20, 2007